UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN PARKS,
    Plaintiff,

vs.

PROSECUTOR HOLCOMB,
et al.,
    Defendants.

Case No. 1:14-cv-318

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner who is currently incarcerated at the Correctional Industrial Facility in Pendleton, Indiana, has filed an application to proceed *in forma pauperis* in connection with a complaint brought under 42 U.S.C. § 1983 against Butler County, Ohio, Prosecutor Holcomb; the Butler County Child Enforcement Agency; and Tasha Parks. (Doc. 1). The complaint is difficult to decipher, but it appears that plaintiff is challenging his arrests, criminal prosecutions and convictions in Butler County Case Nos. CR1989-12-1068 and CR1990-03-0228. (*See id.*, Complaint). As relief, it appears that he is seeking both damages and injunctive relief in the form of an order requiring the Butler County Prosecutor's Office to expunge or void his criminal convictions. (*Id.*, p. 5). This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis*, as supplemented on May 7, 2014. (Docs. 1, 4). For the reasons that follow, plaintiff's motion should be denied.

A prisoner's right to proceed *in forma pauperis* has now been restricted by Congress. In accordance with section 804(d) of the Prison Litigation Reform Act (PLRA) of 1995, Pub. L. No. 104-134, 110 Stat. 1321, amending 28 U.S.C. § 1915:

    (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil

action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, plaintiff has averred in his complaint that while he has been incarcerated, he has not been a party to a previous lawsuit that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (*See* Doc. 1, Complaint, pp. 4-5). However, upon review of the docketing records maintained by the federal judiciary, the undersigned has discovered that in March 2008, the District Court in the Southern District of Indiana determined that plaintiff was a "three-striker" within the meaning of 28 U.S.C. § 1915(g) due to the numerous frivolous lawsuits he had filed as an inmate with that court. *See Parks v. Indiana, et al.*, Case No. 1:08-cv-00358-LJM-WTL (S.D. Ind. Mar. 27, 2008) (Doc. 4) (relying on the following prior dismissals under 28 U.S.C. § 1915A in finding plaintiff had acquired three or more "strikes": *Parks v. Brookville I.G.A.*, Case No. 1:07-cv-1369 (S.D. Ind. Jan. 24, 2008); *Parks v. Honorable John Williams*, Case No. 1:07-cv-1463 (S.D. Ind. Nov. 20, 2007 & Dec. 13, 2007); *Parks v. Brookville I.G.A., et al.*, Case No. 1:08-cv-121 (S.D. Ind. Mar. 4, 2008)).[1] After that ruling was issued, the Southern District of Indiana refused to grant plaintiff pauper status under the "three strike" rule in other subsequent cases that he attempted to file as a prisoner without paying the filing fee. *See, e.g., Parks v. City of Richmond, Indiana, et al.*, Case No.

---

[1] Another screening dismissal can be added to the list of cases that can be relied on as support for finding that plaintiff falls under the "three strike" rule. In a case decided in May 2008, after plaintiff was granted pauper status in January 2008, the District Court determined that plaintiff's complaint was subject to dismissal on screening pursuant to 28 U.S.C. § 1915A(b) because the complaint did not "contain a legally viable claim against the defendants." *Parks v. Sheriff Matt Strittmatter, et al.*, Case No. 1:08-cv-00115 (S.D. Ind. May 5, 2008) (Docs. 11-12).

1:12-cv-611 (S.D. Ind. May 11, 2012) (Docs. 4-5); *Parks v. Ron Rice*, Case No. 1:12-cv-00532 (S.D. Ind. Apr. 26, 2012) (Docs. 4-5); *Parks v. Butler County Adult Probation Dep't, et al.*, Case No. 1:11-cv-01623 (S.D. Ind. Jan. 9, 2012) (Docs. 5, 6).[2] Plaintiff's previous dismissals also prevent him from filing this action *in forma pauperis*.

In view of his three "strikes," plaintiff may not proceed *in forma pauperis* unless he falls within the statutory exception set forth in 28 U.S.C. § 1915(g), which applies to prisoners who are "under imminent danger of serious physical injury." Under the plain language of the statute, plaintiff must be in imminent danger at the time that he seeks to file his suit in federal court to qualify for the exception to the "three strikes" provision of § 1915(g). *See Vandiver v. Vasbinder,* 416 F. App'x 560, 561-62 (6th Cir. 2011) (and cases cited therein) (holding in accordance with other circuit courts that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"); *accord Chavis v. Chappius,* 618 F.3d 162, 169 (2nd Cir. 2010) (citing *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002)); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); *Chase v. O'Malley*, 466 F. App'x 185, 186-87 (4th Cir. 2012) (per curiam). *Cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007). "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d at 315.

---

[2] In one subsequent lawsuit filed at a time when plaintiff was not incarcerated, plaintiff was granted pauper status, but his complaint was dismissed as frivolous at the screening stage under 28 U.S.C. § 1915(e)(2)(B). *See Parks v. State of Indiana*, et al., Case No. 1:10-cv-00869 (S.D. Ind. July 21, 2010) (Docs. 7-8).

The Court is unable to discern from plaintiff's complaint any facts showing he meets the statutory exception. Because plaintiff has failed to allege particular facts showing any immediate or impending serious physical injury in existence at the time he commenced this action, he does not meet the exception to the "three strikes" rule set forth in 28 U.S.C. § 1915(g).

For these reasons, plaintiff's motion for leave to proceed *in forma pauperis*, as supplemented (Docs. 1, 4), should be denied under 28 U.S.C. § 1915(g).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis*, as supplemented (Docs. 1, 4), be **DENIED.**

2. Plaintiff be ordered to pay the full $400 fee ($350 filing fee plus $50 administrative fee) required to commence this action within thirty (30) days, and that plaintiff be notified that his failure to pay the full $400 fee within thirty days will result in the dismissal of his action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/16/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WARREN PARKS,
    Plaintiff,

vs.

PROSECUTOR HOLCOMB, et al.,
    Defendants.

Case No. 1:14-cv-318

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).

cbc

5

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Warren Parks # 116977
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☒ Agent
  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7011 3500 0001 5345 5642

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540